IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | |
| | * | NO: 4:09CR00101-1 SWW |
| CECIL EDWARD NORWOOD | * | |
| | * | |

**ORDER**

The indictment in this case charges Defendant Cecil Edward Norwood ("Norwood") with two counts of possessing a firearm as a previously convicted felon and one count of possessing an unregistered firearm. Before the Court is Norwood's motion to suppress (docket entry #20) and the United States' response in opposition (docket entry #27). After careful consideration, and for reasons that follow, the motion to suppress will be denied.

**I.**

The following facts set forth in Norwood's brief in support of his motion to suppress are undisputed. On October 16, 2008, John Varner, a Craighead County Sheriff's Deputy, received a call from a Pennsylvania resident: Martin Theil. Theil told Varner that Norwood, who lived in Brookland, Arkansas, had defrauded him. Theil reported that he corresponded with Norwood several times about purchasing gold bars and that he paid Norwood a total of $55,300, via PayPal, expecting to receive four, ten ounce gold bars in return. Theil told Varner that on October 9, 2008, his wife retrieved a package containing two large gold candles with a return address reading: Cecil Norwood, P.O. Box 2452, Jonesboro, Arkansas.

On October 28, 2008, Varner presented a probable cause affidavit to Judge Keith

Blackman and a warrant application for Norwood's arrest. The same day, Judge Blackman issued a bench warrant charging Norwood with violation of Ark. Code Ann § 5-36-103, theft by deception of an amount over $2,500.

On December 11, 2008, Craighead Deputies Philip Wheaton and Justin Rolland surveilled Norwood's residence in Brookland, Arkansas. Wheaton and Rolland noticed a red Ford Focus in the driveway, and after 20 minutes, they observed the Focus leave. Wheaton and Rolland followed the Focus, and another deputy sheriff named Tipton joined them. After the Focus stopped at a Wal Mart and proceeded toward Trumann, Arkansas, the deputies noticed that a blue Nissan Maxima, license plate 396 KGD, following the Focus. The deputies had information that Norwood drove a blue Nissan Maxima, license plate 396 KGD.

The deputies continued following the Focus and the Maxima into Trumann, where the two vehicles pulled into a parking lot. Norwood exited the Maxima and approached the Focus. Officers from the Trumman Police Department, who had been contacted by the Craighead deputies for assistance, arrived on the scene and arrested Norwood. The driver of the Focus was questioned and released.

A police dog, handled by Trumann Police Officer Kevin Holt, alerted on the passenger door of the Maxima. Officers searched the Maxima and located a briefcase on the back seat, containing among other things, a Ruger P 97 DC 45 caliber pistol and two loaded pistol clips. The Maxima was towed to the Craighead Sheriff's Department and impounded.

On December 16, 2009, Varner sought a warrant to search the Maxima, which was still impounded. Varner's probable cause affidavit states that Norwood had been arrested for theft by deception, and his vehicle had been towed to the Craighead Sheriff's Department. The affidavit

further states that upon Norwood's arrest, a Ruger semi automatic pistol and two loaded clips were confiscated from the Maxima and that deputies observed, but did not take, a Pennsylvania license plate located in the vehicle. The affidavit further alleges: "Pennsylvania law enforcement are investigating a terroristic threat made by Cecil Norwood. It is believed that weapons, ammunition, Pennsylvania LPN and other items of evidence that Norwood was in Pennsylvania are in the car." Docket entry #27, Ex. A.

On December 16, 2008, Judge Blackman issued a warrant authorizing a search of the Maxima, and on December 18, 2008 the search warrant was executed. The warrant return states that the search uncovered, among other things, a Pennsylvania license plant, ammunition, a rifle, and a silencer.

The United States agrees with the foregoing account of events, but also alleges that on December 3, 2008, before Norwood's arrest, Varner received a phone call from Theil, who told him that Theil's wife had received a threatening phone call during which the caller directed her to look behind an electrical box in the back yard of the Theil home. The government alleges that Theil told Varner that he looked behind the electrical box and found a photograph of the his home and two .45 caliber pistol bullets, one engraved with his name and the other engraved with his wife's name.

## II.

Norwood seeks an order suppressing evidence of the pistol uncovered at the time of his arrest on December 11, 2008 and evidence of the rifle and silencer uncovered during the December 18, 2008 search conducted pursuant to a warrant. Norwood's sole argument in support of his motion to suppress is that pursuant to *Arizona v. Gant*, – U.S. –, 129 S. Ct. 1710

Case 4:09-cr-00101-SWW   Document 31   Filed 04/01/10   Page 4 of 6

(2009), the December 11, 2008 search was not permissible under the search-incident-to-arrest exception to the warrant requirement.

In *Gant*, the defendant Rodney Joseph Gant was arrested for driving with a suspended license. Officers handcuffed Gant, locked him in the back of a patrol car, and searched his car, where they found cocaine in the pocket of a jacket located on the back seat. Because Gant did not have access to his car to retrieve weapons or evidence at the time of the search, the Supreme Court held that the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement did not justify the search.

*Gant* is easily distinguished from the undisputed facts in this case. In *Gant*, when officers conducted the search they knew only that Gant had driven his car with a suspended driver's license–they had no independent basis for conducting a warrantless search of the vehicle. Here, however, the arresting officers had reason to believe that Norwood's car contained evidence of the crime for which he was arrested,[1] thus they had probable cause to search every part of the vehicle and its contents. The Eighth Circuit has explained:

> Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085

---

[1] Because Norwood has not had the opportunity to challenge the Government's allegation that Varner received a call from Theil on December 3, 2008, regarding a threatening phone call and engraved bullets, the Court will not consider those allegations in deciding Norwood's motion to suppress. Additionally, because the Court is without evidence regarding the reliability of the police dog that alerted on Norwood's car, the Court will not consider whether the dog alert provided officers probable cause to search the vehicle. *See United States v. Donnelly,* 475 F.3d 946, 955 (8th Cir. 2007)("Assuming that the dog is reliable, a dog sniff resulting in an alert on a container, car, or other item, standing alone, gives an officer probable cause to believe that there are drugs present."); *see also United States v. Sundby*, 186 F.3d 873, 875-76 (8th Cir.1999)(holding that an affidavit stating that a dog has been trained and certified to detect drugs is sufficient to support a finding of reliability).

4

> (8th Cir.2000). '[P]robable cause may be based on the collective knowledge of all law enforcement officers involved in an investigation and need not be based solely upon the information within the knowledge of the officer on the scene if there is some degree of communication.' *United States v. Horne*, 4 F.3d 579, 585 (8th Cir.1993). 'If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.' *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). '[W]hen police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody.' *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S.Ct. 3079 (1982) (per curiam).

*United States v. Wells,* 347 F.3d 280, 288 (8th Cir. 2003).

Furthermore, the United States argues, and the Court agrees, that even assuming that the first search of Norwood's vehicle conducted at the time of his arrest was not supported by probable cause, the evidence derived from that search would have been obtained during the second search, which was conducted pursuant to a search warrant. Under the inevitable discovery doctrine, "if the government can prove that the evidence would have been obtained inevitably and, therefore, would have been admitted regardless of any overreaching by the police, there is no rational basis to keep that evidence from the jury in order to ensure the fairness of the trial proceedings." *Nix v. Williams*, 467 U.S. 431, 447, 104 S.Ct. 2501, 2511 (1984).

Norwood does not contend that the impoundment of his vehicle was somehow invalid, nor does he argue that the search warrant issued December 18, 2008 was not supported by probable cause. The Court finds that evidence derived from the search conducted at the time of Norwood's arrest, specifically a pistol and two loaded pistol clips contained within a briefcase located on the back seat, would have inevitably been discovered during the second search of Norwood's vehicle, which was supported by a valid search warrant.

Because Norwood raises no issues of fact in support of his motion, only legal objections that the Court concludes have no merit, an evidentiary hearing is not required. *See U.S. v. Losing*, 539 F.2d 1174, 1177 (8th Cir .1976)(" Evidentiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required .").

### III.

For the reasons stated, Defendant's motion to suppress (docket entry #20) is DENIED.

IT IS SO ORDERED THIS 1ST DAY OF APRIL, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE